FILED
**United States Court of Appeals**
**Tenth Circuit**

**July 7, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

_____

BRITTANY NAKAGAKI,

    Plaintiff - Appellant,

v.

ASPEN VALLEY HOSPITAL; VALLEY VIEW HOSPITAL; GRAND RIVER HOSPITAL; DOE DEFENDANTS,

    Defendants - Appellees.

No. 26-1062
(D.C. No. 1:25-CV-02206-LTB-RTG)
(D. Colo.)

_____

### ORDER AND JUDGMENT[*]

_____

Before **MATHESON**, **MURPHY**, and **ROSSMAN**, Circuit Judges.

_____

Brittany Nakagaki appeals the dismissal of her pro se employment discrimination complaint. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.[1]

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Ms. Nakagaki appears pro se, "we liberally construe [her] filings, but we will not act as [her] advocate." *James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013).

## I.    BACKGROUND

Ms. Nakagaki filed an employment discrimination complaint against Aspen Valley Hospital, Valley View Hospital, Grand River Hospital, and unidentified "Doe Defendants." The district court twice ordered Ms. Nakagaki to correct a number of pleading issues and file an amended complaint using the court-approved form.

A magistrate judge recommended dismissing Ms. Nakagaki's second amended complaint without prejudice because it (1) did not use the pleading form posted on the court's website as previously ordered and as required by the District of Colorado's local civil rules and (2) did not comply with Federal Rule of Civil Procedure 8.

Rather than object to the magistrate judge's recommendation, Ms. Nakagaki filed a "Reply to Recommendation of the United States Magistrate Judge," asserting that she had an "emergency" that kept her from "receiving and completing the order" and asking for an extension of time to comply with the court's order as well as leave to amend her complaint. ROA at 29.

The district court did not interpret Ms. Nakagaki's filing as a timely objection to the recommendation and therefore concluded she had waived her right to de novo review. It also denied her requests for an extension of time and leave to amend. The district court therefore accepted the magistrate judge's recommendation and dismissed Ms. Nakagaki's complaint without prejudice.

Ms. Nakagaki timely appealed.

2

## II.  DISCUSSION

Ms. Nakagaki argues the district court erred in (1) denying her leave to amend and (2) dismissing her complaint rather than accepting her well-pleaded allegations as true and drawing all reasonable inferences in her favor.  Neither argument has merit.

### A.  *Leave to Amend*

We review a district court's denial of leave to amend for abuse of discretion. *Cohen v. Longshore*, 621 F.3d 1311, 1313 (10th Cir. 2010); *see also Roland v. Letgo, Inc.*, No. 22-1456, 2024 WL 372218, at *8 (10th Cir. Feb. 1, 2024).[2]

Federal Rule of Civil Procedure 15(a)(2) provides that leave to amend should be freely given "when justice so requires."  "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."  *Frank v. U.S. W., Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).

In denying Ms. Nakagaki's request for leave to amend, the district court pointed out that Ms. Nakagaki had already amended her complaint twice "with the benefit of" the magistrate judge's "detailed orders to amend."  ROA at 33.  It therefore determined Ms. Nakagaki could amend her complaint "only with the consent of the opposing parties or leave of court" should "justice so require[]."  *Id.* (quoting Fed. R. Civ. P. 15(a)(2)).  Because there was "no indication that the opposing parties consent[ed] to amendment,"

---

[2] Cited for its persuasive value under Fed. R. App. 32.1(a) and 10th Cir. R. 32.1(A).

3

the district court determined it had discretion to grant or deny leave to amend. *Id.* But it noted that Ms. Nakagaki did not attach a proposed amended complaint to her motion as required by the local rules, *see* D.C.COLO.LCivR 15.1(b), so it could not determine whether justice required granting leave to amend.

Ms. Nakagaki argues on appeal that "[t]he district court erred in concluding that further amendment [of her complaint] would be futile." Aplt. Br. at 2. But the district court did not deny Ms. Nakagaki leave to amend because further amendment would be futile. It rather denied leave to amend because she had failed to cure deficiencies in her previous amendments and because she had not complied with local rules by providing an amended complaint that would have allowed the district court to determine whether justice required granting leave to amend.

"The first task of an appellant is to explain to us why the district court's decision was wrong." *Nixon v. City of Denver*, 784 F.3d 1364, 1366 (10th Cir. 2015). Ms. Nakagaki has failed to do so here. She does not argue that the district court abused its discretion by denying her leave to amend, that she complied with the local rules, or that justice required granting leave to amend. Although she asserts that she "repeatedly amended her pleadings in good-faith attempts to comply with the court's recommendations and to address perceived deficiencies," Aplt. Br. at 2, she does not allege that she cured the deficiencies in her complaint in her previous two amendments. Ms. Nakagaki's pro se status does not excuse noncompliance with court rules. *See, e.g.*, *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

4

In the absence of argument to the contrary, it was not an abuse of discretion to deny Ms. Nakagaki leave to amend her complaint.

## B. *Dismissal*

We review the district court's dismissal of a complaint without prejudice under Rule 8(a) for abuse of discretion. *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1162 n.3 (10th Cir. 2007). Under Rule 8(a)(2), a complaint "must contain . . . a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a).

Ms. Nakagaki does not argue that she complied with Rule 8 or that the district court abused its discretion in dismissing her complaint for failure to comply with Rule 8. She rather argues the district court erred in dismissing her complaint with prejudice and failing to liberally construe her pro se pleadings. Aplt. Br. at 3. But the district court did not dismiss her complaint *with* prejudice, and it did not resolve her claim on the merits or fail to liberally construe her complaint. Ms. Nakagaki therefore fails to explain why the district court was wrong to dismiss her complaint for failure to comply with Rule 8. *See Nixon*, 784 F.3d at 1366.[3]

---

[3] Under the firm-waiver rule, "the failure to timely object to a magistrate judge's finding and recommendations waives appellate review of both factual and legal questions." *Klein v. Harper*, 777 F.3d 1144, 1147 (10th Cir. 2015) (quotations omitted). "This rule does not apply, however, when (1) a *pro se* litigant has not been informed of the time period for objecting and the consequences of failing to object, or when (2) the interests of justice require review." *Morales-Fernandez v. INS*, 418 F.3d 1116, 1119 (10th Cir. 2005) (quotations omitted).

Ms. Nakagaki's failure to object to the magistrate judge's recommendation likely waived appellate review of the district court's Rule 8 determination, and she does not argue that either exception to the firm waiver rule applies. But because she also does not

Because Ms. Nakagaki does not argue otherwise, we cannot conclude the district court abused its discretion.

### III. CONCLUSION

We affirm the district court's judgment. We grant Ms. Nakagaki's motion for leave to proceed *in forma pauperis*.

Entered for the Court

Scott M. Matheson, Jr.
Circuit Judge

---

argue the district court was wrong to dismiss her complaint for failure to comply with Rule 8, we need not rely on the firm waiver rule to affirm.